The Honorable Thomas S Zilly

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUN 07 2002 PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CV 01-00235 #00000114

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAINS LLC d/b/a Flying B,

    Plaintiff,

v.

ARCO PRODUCTS COMPANY, a division of
Atlantic Richfield Co., a Delaware Corporation,

    Defendants.

    No. C01-0235Z

**JOINT STATEMENT OF
DISPUTED INSTRUCTIONS**

Pursuant to Local Civil Rule 51, the parties submit the following Disputed Instructions

The parties incorporate the Court's Proposed Instructions by reference, and adopt the Court's

Proposed Instruction numbers for additions and changes to the Court's Proposed Instructions.

DATED this 7th day of June, 2002.

Davis Wright Tremaine LLP
Attorneys for ARCO Products Company

By _____
Michael Reiss, WSBA # 10707
Holly M. Hearn, WSBA # 26795

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 1
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Budge & Heipt, P.L.L.C.
Attorneys for Bains LLC

By _____
Edwin S. Budge, WSBA #24182
Erik J. Heipt, WSBA # 28113    via
telephonic
approval

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 2
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101 1688
(206) 622-3150   Fax. (206) 628-7699

# TABLE OF CONTENTS

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 9 | Liability of Corporations | Court's Proposed Instruction No 9, modified to state that the Plaintiff is also a corporation and thus deserves fair treatment. | 5 | Defendant |
| 10 | Summary of Plaintiff's Claims | Court and Both Parties | 6-7 | Both |
| 12 | – Elements and Burden of Proof | Plaintiff. 9th Cir Civil Jury Instr. 12.1 (2001) (modified from Title VII claim to § 1981 claim). Defendant: various sources. | 8-9 | Both |
| 16 | Measure of Damages | Court | 10 | Court |
| 23 | Motor Vehicle Safety Regulations | Various regulations cited in instruction. | 11-13 | Defendant |
| 24 | Damages Limited to Corporation | May 28, 2002, Minute Order | 14 | Defendant |
| 25 | Duty to Mitigate Damages | 9th Cir. Civil Jury Instr. 7.3 (2001). | 15 | Defendant |
| 26 | Adverse Treatment | Various | 16-17 | Plaintiff |
| 27 | "Mixed Motives" Defense | Various | 18 | Defendant |
| 28 | Discrimination – Stray Remarks | Various | 19 | Defendant |
| 29 | Similarly Situated Requirement | *McDonald Douglas Corp v Green*, 411 U.S. 792, 804 (1973) | 20 | Defendant |
| 30 | Business Judgment | Various | 21-22 | Defendant |
| 31 | Damages | 9th Cir  Civil Jury Instr. 12.1 (2001) (modified) | 23-24 | Plaintiff |
| 32 | Proof and Calculation of Damages | Calif. Model Jury Instructions 10 91 (modified); 9th Cir. | 25 | Plaintiff |

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 3
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101-1688
(206) 622-3150   Fax (206) 628-7699

| | | Civil Jury Instr 7.2<br>(2001)<br>(substantially<br>modified). | | |
|---|---|---|---|---|

**JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 4**

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square    1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150    Fax (206) 628 7699

1

2

## DEFENDANT'S PROPOSED INSTRUCTION NO. 9

## LIABILITY OF CORPORATIONS

3

4

5

6

7

A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers. The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers, but only if those acts are authorized  An act is authorized if it is a part of the ordinary course of employment of the person doing it.

8

9

10

The fact that plaintiff and defendant are both corporations should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

11

12

**Source**: Court's Proposed Instruction No  9, modified to state that the Plaintiff is also a corporation and thus deserves fair treatment.

13

14

15

16

17

18

**Plaintiff's Objection:**  Plaintiff objects to this instruction.  Ninth Circuit Model Instruction 6 2 is the more appropriate instruction.  This instruction is potentially misleading because discriminatory statements or acts are not "authorized" in the ordinary sense of the word, even though the defendant is liable for such acts  Plaintiff further objects on the ground that plaintiff is a limited liability company, not a corporation.

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington  98101 1688
(206) 622-3150   Fax  (206) 628-7699

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 10
## SUMMARY OF PLAINTIFF'S CLAIMS

The Plaintiff submits the following to be inserted in the Court's Proposed Instruction No. 10:

The plaintiff is a company doing business under the name "Flying B." Flying B is owned by three brothers of East Indian heritage  Flying B had a contract to haul fuel for the defendant, ARCO. Flying B claims that ARCO unlawfully breached this contract  Flying B further claims that ARCO violated federal law prohibiting discrimination in contracting. Flying B also claims that it is entitled to compensatory damages and punitive damages.

The defendant, ARCO, denies these claims. ARCO further denies that compensatory or punitive damages should be awarded.

**DEFENDANT'S OBJECTION**: Defendant objects to Plaintiff's Proposed Insert to Instruction No. 10 on the grounds that this instruction uses the term "compensatory damages." This is not accurate as only economic and punitive, *not* compensatory, damages are maybe allowed in this case.  *See* Pretrial Order and May 28, 2002 Minute Order.  Defendant also objects on the grounds that this instruction, as well as the Court's Proposed Instruction, does not provide a complete or accurate statement of Defendant's contentions case.  Defendant therefore proposes the following language be inserted in Instruction No. 10 and that the name of the instruction be changed to "Statement of the Case":

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 6
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628 7699

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## DEFENDANT'S PROPOSED INSTRUCTION NO. 10
## SUMMARY OF CLAIMS AND DEFENSES

The plaintiff is a company doing business under the name "Flying B." Flying B is owned by three brothers of East Indian heritage. Flying B had a contract to haul fuel for the defendant, ARCO. Flying B claims that ARCO unlawfully breached this contract. Flying B further claims that ARCO violated federal law prohibiting discrimination in contracting. Flying B also claims that it is entitled to economic damages and punitive damages.

ARCO denies Flying B's allegations   ARCO maintains that Flying B's contract was not terminated for discriminatory reasons, that ARCO did not subject Flying B's drivers to disparate treatment, and that it based its decision to suspend Flying B's contract on legitimate, nondiscriminatory reasons   ARCO maintains that Flying B was not qualified to transport fuel for ARCO because it failed to go through ARCO's mandatory "vetting" process and because Flying B's drivers committed numerous and repeated safety violations.  ARCO maintains that any allegedly discriminatory comments by low-level employees cannot be imputed to ARCO   ARCO also disputes Flying B's claims for damages.

**Plaintiff's Objection:** Plaintiff has no objection to substituting the term "economic" for "compensatory," although it should be noted that compensatory in this context simply means economic.  Plaintiff objects to the second paragraph of this proposed instruction because it is a thinly-disguised <u>argument</u>, not a statement of the case   The Court's proposed outline (Court's Instruction No. 10) is appropriate and not argumentative.

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**

**DISCRIMINATION - ELEMENTS AND BURDEN OF PROOF**

Federal law prohibits race discrimination in the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship

Flying B has the burden of proving the following by the preponderance of the evidence:

1      That Flying B was treated adversely in its contractual relationship with ARCO; and

2.     That the race of Flying B's owners or employees was a motivating factor in such adverse treatment.

If you find that both of the elements have been proven by a preponderance of the evidence, your verdict should be for Flying B.  If, on the other hand, Flying B has failed to prove either of these elements by a preponderance of the evidence, your verdict should be for ARCO

**Source**   9th Cir. Civil Jury Instr 12.1 (2001) (modified from Title VII claim to § 1981 claim).

**DEFENDANT'S OBJECTION**       Defendant objects to Plaintiff's Proposed Instruction No. 12 on the grounds that this instruction does not accurately state the law and that it is misleading to the jury   Specifically, this proposed instruction misinforms the jury that if they find any discrimination they must find for the Plaintiff   This ignores that "mixed motives" are a complete defense to Section 1981 claims.  *See Mabra v  United Food & Commercial Workers Local Union No  1996*, 176 F 3d 1357 (11th Cir 1999) (cited by *Ninth Cir  Model Jury Instr Chapter 12, Introductory Comment, Section 2,* and holding that the 1991 amendments to the Civil Rights Act (which partially overruled the Supreme Court's decision in *Price Waterhouse v  Hopkins*, 490 U S  228 (1989), that mixed motives is a bar to recovery if the lawful motive would have achieved the same result) do not apply to Section 1981 claims.), *Donovan v  Milk Marketing Inc* , 243 F 3d 584, 586-87 (2d Cir. 2001) (affirming the use of a mixed motive

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 8
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150   Fax  (206) 628-7699

1 | instruction for an age discrimination case because *Price Waterhouse* is still the controlling law

2 | for these claims)   Therefore, Defendant proposes the following instruction·

### DEFENDANT'S PROPOSED INSTRUCTION NO. 12

### DISCRIMINATION - ELEMENTS AND BURDEN OF PROOF

5 | Federal law prohibits race discrimination in the making, performance, modification and

6 | termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of

7 | the contractual relationship.

8 | Flying B has the burden of proving the following by the preponderance of the evidence

9 | 1.   That Flying B was treated adversely in its contractual relationship with ARCO,

10 | and

11 | 2.   That the race of Flying B's owners or employees was a motivating factor in such

12 | adverse treatment.

13 | If Flying B has failed to prove either of these elements by a preponderance of the

14 | evidence, your verdict should be for ARCO   If Flying B has not failed, you must decide if

15 | ARCO would have made the same decision even if race was not a motivating factor.

16 | **Source:** cited above in objection.

17 | **Plaintiff's Objection:** The instruction is acceptable with two changes   the penultimate

18 | sentence should be changed to say   "If you find that both of those elements have been proven

19 | by a preponderance of the evidence, your verdict should be for Flying B."   The last sentence

20 | should be eliminated.  This is not a mixed-motives case.

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 9
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle Washington 98101-1688
(206) 622-3150   Fax  (206) 628 7699

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## INSTRUCTION NO. 16

## MEASURE OF DAMAGES

**DEFENDANT'S OBJECTION**: Defendant objects to the Court's Proposed Instruction No

16. The instruction advises the jury that it should include a calculation of "pain, suffering,

emotional distress" caused by Defendant's conduct. The Plaintiff is a corporation, and cannot

recover for these damages, and these damages are not being sought in this case. Defendant also

objects to the last paragraph of the instruction for the same reason. Defendant therefore

proposes that the same instruction should be given with the inapplicable portions deleted.

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

## DEFENDANT'S PROPOSED INSTRUCTION NO. 23

## MOTOR VEHICLE SAFETY REGULATIONS

The United States Congress and the federal Department of Transportation, as well as the State of Washington, have enacted laws and adopted regulations to ensure the safe operation of motor vehicle carriers and their drivers, particularly when transporting hazardous materials The following regulations are relevant to this case.

- All motor carriers must be familiar with these motor vehicle safety regulations and instruct their drivers and employees regarding the regulations, all commercial drivers shall comply with the regulations. (49 C.F.R. § 390.3(e)).

- All motor vehicle and equipment must be maintained in compliance with the regulations   (49 C.F.R. § 390.3(e)(3)).

- Both the carriers and their drivers are required to observe the regulations   (49 C F R. § 390 11).

- Any motor vehicles containing hazardous materials cannot be parked within 5 feet of a public street or on private property without the knowledge and consent of the person who is in charge of the property.  (49 C.F.R. § 397.7).

- Any motor vehicles containing explosive material must be attended at all times by its driver or another qualified representative   A motor vehicle is attended when the person in charge of the vehicle is at least within 100 feet of the vehicle and has an unobstructed view of the vehicle. (49 C F.R. § 397 5).

- A person must be in control of the fueling process at the point where the fuel tank is filled when a motor vehicle containing hazardous materials is being fueled. (49 C.F.R. § 397.15)

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 11
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101 1688
(206) 622-3150   Fax  (206) 628-7699

- A motor vehicle carrying hazardous materials' tires must be consistently checked and repaired before the vehicle is driven   (49 C.F R. § 397 17).

- No commercial motor vehicle shall be driven unless the driver is satisfied that the brakes, steering mechanism, lights, horn, mirrors, and coupling devices are in good working order.   (49 C.F.R § 392.7).

- A person shall not drive a commercial motor vehicle unless he or she is qualified.   To be qualified a person must read and speak English sufficiently well to converse with the general public and make entries on reports and records, must have a valid commercial motor vehicle operator's license, and must furnish his or her employer with a list of violations they have committed within the past three years.   (49 C.F.R. § 391 11 and .21)

- Carriers must check the driving record of each driver it hires for three years prior to hire and annually thereafter.   (49 C.F.R. §§ 391.21, 391.23, 391.25).

- Carriers must give great weight to violations, including speeding and reckless driving, to determine if a driver meets minimum qualifications for driving.   (49 C.F.R §§ 391.25).

- Every driver must report all moving violations to his or her employer every year   (49 C F.R. § 391.27).

- No driver shall drive, nor shall any carrier require a driver to drive, more than 10 hours following 8 consecutive hours off duty   (49 C.F R. § 395.3).

- Under Washington Law, it is illegal to operate a motor vehicle longer than 50 feet with 6 axles on the bridge if the weight on the bridge is over 84,000 lbs.   (RCW 46.44.041).

- Under Washington Law, no commercial vehicle weighing over 10,000 lbs. shall operate

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 12
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle Washington 98101 1688
(206) 622-3150   Fax (206) 628-7699

in the left hand lane of any road with three or more lanes in one direction, excluding

HOV lanes  (RCW 46 61 100).

**Source**: Internal citations (compliance with state and federal regulations an element of

plaintiff's contract and discrimination claims).

## Plaintiff's Objection:

Plaintiff objects to this instruction in its entirety  It is inappropriate to instruct the jury

to some selected CFRs and state regulations for multiple and varied reasons. First, those CFRs

and State laws are chosen by Defendant from hundreds of potentially applicable rules and

regulations - various exceptions and contrary regulations apply in a variety of circumstances

We cannot give the jury some CFRs without giving them all CFRs, which is obviously

impossible  Plaintiff has not proposed to include the CFRs and presidential orders cited in the

parties' contract that relate to discrimination because it is utterly impracticable to do so.

Moreover, the parties are not basing any claims or defenses on the CFRs or statutes per se.  The

only issue is Defendant's motive in terminating the contract – whether or not there is an actual

CFR violation is not relevant.  Defendant's witnesses can testify why they did what they did.

More importantly, it is simply not a jury question whether or not a CFR or other driving

regulation was violated; that is not the issue.  Motive is the issue, and that can be determined

without instructing the jury on a handful of CFRs out of thousands.

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax  (206) 628 7699

## DEFENDANT'S PROPOSED INSTRUCTION NO. 24

## DAMAGES LIMITED TO CORPORATION

The plaintiff in this case is a limited liability corporation, which is a separate and distinct entity apart from its owners and employees. The only damages that you may award in this case, if any, are economic damages to the corporation. The owners and employees of the corporation are not plaintiffs in this case, and you may not award any damages to them nor compensate the corporation on their behalf, including but not limited to any damages caused by any emotional distress that any of them may have experienced.

**Source**: May 28, 2002, Minute Order

**<u>Plaintiff's Objection:</u>**

Plaintiff objects to this instruction  First, it is inaccurate.  Punitive damages are also available, therefore it is inaccurate to state that "economic" damages are the only damages. Moreover, plaintiff is a limited liability company, not a corporation.  If any similar instruction is given, it need only state that emotional distress damages may not be awarded.

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628 7699

1

2

## DEFENDANT'S PROPOSED INSTRUCTION NO. 25

## DUTY TO MITIGATE DAMAGES

3

4

The plaintiff has the duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

5

6

The defendant has the burden of proving by a preponderance of the evidence:

7

1.   that the plaintiff failed to use reasonable efforts to mitigate damages; and

8

2    the amount by which damages would have been mitigated

9

**Source**: 9th Cir. Civil Jury Instr. 7 3 (2001).

10

**Plaintiff's Objection:**

11

Plaintiff objects to any instruction regarding mitigation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 15
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax  (206) 628-7699

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 26
## ADVERSE TREATMENT

Adverse treatment in a contractual relationship may include any of the following conduct:

a.  Subjecting Flying B or its owners and/or employees to differential and less desirable standards of treatment than enjoyed by other, non Indian-owned providers of transportation services,

b.  Subjecting Flying B or its owners and/or employees to unwelcome and pervasive harassment on the basis of race, which adversely affects Flying B as a company;

c.  Terminating, suspending or modifying the contractual relationship,

d.  Refusing to continue to call on Flying B to provide fuel transportation services,

e   Refusing to reinstate the parties' contractual relationship; or

f.  Refusing to continue to do business with Flying B.

**Source**· 42 U.S.C. § 1981; *See, e g, Strother v Southern Cal Permanente Med Group,* 79 F 3d 859, 875 (9th Cir. 1996) (42 U.S.C §1981 prohibits discrimination on the basis of race in the "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship").

**DEFENDANT'S OBJECTION**· Defendant objects to section "b" of Plaintiff's Proposed Instruction No 26 as it is misleading to the jury in the context of this case  The owners and employees of Flying B are not plaintiffs, and this instruction creates a strong impression that acts taken against these individuals is actionable  The last phrase attempting to limit the scope of the instruction does not cure this problem, as it will be extremely difficult for the jury to distinguish against possible harassment that affects and does not affect Flying B, the corporation.  The prejudicial consequences of this instruction far outweigh its use, and thus

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 16
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square  1501 Fourth Avenue
Seattle  Washington 98101-1688
(206) 622-3150   Fax (206) 628 7699

1   Defendant asks that this section "b" of the instruction be removed.  Defendant does not object

2   to the rest of this instruction.

3          **Plaintiff's Comment:**  The instruction is an accurate statement of the law   This issue

4   was addressed in the June 4, 2002 pretrial conference.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 17
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101-1688
(206) 622-3150   Fax  (206) 628-7699

1
2

## DEFENDANT'S PROPOSED INSTRUCTION NO. 27
## "MIXED MOTIVES" DEFENSE

3    The plaintiff in this case has offered evidence that the defendant's decision to suspend
4    its contract with the plaintiff was motivated by the race of the plaintiff's owners and
5    employees. The defendant in this case has offered evidence that its decision to suspend its
6    contract with the plaintiff was motivated by one or more lawful reasons. If you find that the
7    race of the plaintiff's owners and employees was a motivating factor in the defendant's
8    decision to suspend its contract with the plaintiff, then the plaintiff is entitled to your verdict,
9    unless the defendant's decision to suspend its contract with the plaintiff would have occurred
10   even if race was not a motivating factor  In that case, the defendant is entitled to your verdict

11   **Source**  *Ninth Cir  Model Jury Instr  § 12 2* (modified to change mixed motives from a limit on
12   liability to an affirmative defense)  *See Ninth Cir  Model Jury Instr  § 12 2, Comment* ("[T]his
13   instruction is not applicable in a § 1981 case."), *see also Mabra v  United Food & Commercial*
14   *Workers Local Union No  1996*, 176 F.3d 1357 (11th Cir. 1999) (cited by *Ninth Cir  Model*
15   *Jury Instr  Chapter 12, Introductory Comment, Section 2,* and holding that the 1991
16   amendments to the Civil Rights Act (which partially overruled the Supreme Court's decision in
17   *Price Waterhouse v  Hopkins*, 490 U.S  228 (1989), that mixed motives is a bar to recovery if
18   the lawful motive would have achieved the same result) do not apply to Section 1981 claims ),
19   *Donovan v  Milk Marketing Inc* , 243 F 3d 584, 586-87 (2d Cir. 2001) (affirming the use of a
20   mixed motive instruction for an age discrimination case because *Price  Waterhouse* is still the
21   controlling law for these claims).

22   **Plaintiff's Objection:** This instruction is inappropriate. This is not a "mixed motives"
23   case.

24
25
26
27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 18
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628 7699

1
2

## DEFENDANT'S PROPOSED INSTRUCTION NO. 28
## DISCRIMINATION – STRAY REMARKS

3      You have heard evidence that certain ARCO employees may have made inappropriate

4 remarks regarding the race of plaintiff's owners and employees   Those remarks do not

5 constitute a claim for discrimination, and you should not find in favor of the plaintiff on the

6 basis of those remarks alone.  Instead, those remarks are only relevant for the limited purpose

7 of plaintiff's attempt to prove that ARCO's decision to suspend Flying B's contract was

8 motivated by race.

9 **Source**: May 28, 2002, Minute Order, *Maarouf v. Walker Manufacturing Co*, 210 F 3d 750,

10 754-55 (7th Cir  2000) (repeating the rule that remarks by a non-decision maker are only

11 relevant if it manipulates or affects the decision of the actual decision maker).

12      **_Plaintiff's Objection_**.  There is no need for this instruction.  It is argumentative in

13 nature, and it is simply not necessary, especially in light of other instructions about the issues to

14 be decided and the evidence that may be considered.  The jury is well equipped to evaluate the

15 evidence and use its common sense to come to a decision without being told <u>how</u> it should

16 view the evidence.

17
18
19
20
21
22
23
24
25
26
27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 19
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150   Fax  (206) 628-7699

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### DEFENDANT'S PROPOSED INSTRUCTION NO. 29
### SIMILARLY SITUATED REQUIREMENT

In attempting to prove that ARCO discriminated against Flying B, Flying B has introduced evidence that ARCO treated other, non-minority owned trucking companies differently  However, this is only to be considered if the other companies are similarly situated to Flying B.  If they are not, this evidence must not be used to make your determination

"Similarly situated" means that the other companies must have been similarly situated in all relevant aspects to Flying B  In other words, the other companies drivers must be shown to have committed offenses or safety violations that were of comparable seriousness, frequency and persistency to any offenses or safety violations committed by Flying B's drivers.

**Source**  *McDonald Douglas Corp v Green*, 411 U S  792, 804 (1973) (holding that disparative treatment can be shown when white employees who acted with "comparable seriousness" against the employer were treated differently), *Williams v Saint Luke's – Shawnee Mission Health Sys , Inc* , 276 F.3d 1057, 1060 (8th Cir. 2002) (noting that similarly situated means so in "all relevant aspects").

**Plaintiff's Objection:**  This instruction is completely argumentative.  Defendant can make this argument if it wishes but there is no need for such an instruction   Again, the jury is well-equipped to evaluate the evidence in light of its common sense without being told how it must view the evidence.

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101-1688
(206) 622-3150   Fax  (206) 628-7699

1
2

## DEFENDANT'S PROPOSED INSTRUCTION NO. 30
## BUSINESS JUDGMENT

3       You must not second guess the defendant's business judgment  The anti-discrimination
4   laws do not prevent anyone from making decisions that affect one's business, just as long as
5   race is not the cause of the defendant's action.  The law does not require that you agree with
6   defendant's business decision  In other words, you should not find that ARCO's decision to
7   suspend  Flying B was unlawful just because you may disagree with ARCO's stated reasons or
8   because you believe the decision was harsh or unreasonable, as long as ARCO would have
9   reached the same decision regardless of race.

10   **Source** *Ninth Cir  Model Jury Instr  § 12 2, Comment* (noting that the 8th and 10th Circuits
11   have held that it is reversible error not to give a business judgment instruction ), *Walker v*
12   *AT&T Technologies,* 995 F 2d 846, 850 (8th Cir  1983) (holding that failure to instruct the jury
13   on business judgment in an age discrimination case is reversible error and quoting J. Devitt e.
14   al , *Federal Jury Practice and Instructions* § 106 02 (Supp. 1992), which gives the model
15   instruction that "You should not find that the decision is unlawful just because you may
16   disagree with the defendant's stated reasons or because you believe the decision was harsh or
17   unreasonable, as long as the defendant would have reached the same decision regardless of
18   plaintiff's age.")), *see also Faulkner v  Super Valu Stores, Inc ,* 3 F.3d 1419, 1426-27 (10th Cir
19   1993) (affirming the use of a business judgment instruction in a discrimination case); *Spratt v*
20   *Northern Automotive Corp ,* 958 F. Supp. 456, 463 (D. Ariz. 1996) (agreeing with *Walker* that
21   "wrong or unpopular business decisions are not unlawful.").

22       **Plaintiff's Objection:**  This instruction is argumentative.  Defendant is entitled to argue
23   its case, but this instruction invades the province of the jury by telling the jury how, and how
24   not, to think.

25       Many courts have recognized that an instruction of this nature invades the province of
26   the jury  See e.g., Wichman v. Board of Trustees, 180 F.3d 791 (7th Cir. 1999), this is also a
27   highly misleading instruction, in that pretext is one of the primary issues in this case, and it is

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 21
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150    Fax  (206) 628 7699

1    the jury's job to evaluate whether the Defendant's stated reasons are the true explanations for

2    the termination  It is very misleading to imply that the jury may not look carefully at the

3    Defendant's alleged reasons to determine whether the Defendant's alleged business

4    justification was its true motivation

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 22
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101-1688
(206) 622-3150   Fax  (206) 628-7699

1  PLAINTIFF'S PROPOSED INSTRUCTION NO. 31

2  DAMAGES

3  It is the duty of the Court to instruct you about the measure of damages  By instructing

4  you on damages, the Court does not mean to suggest for which party your verdict should be

5  rendered.

6  If you find for Flying B on its claim of race discrimination in violation of federal law,

7  you may, but are not required to, award punitive damages   The purpose of punitive damages

8  are to punish a defendant and to deter that defendant and others from committing similar acts in

9  the future.

10  Flying B has the burden of proving that punitive damages should be awarded by a

11  preponderance of the evidence.  You may award punitive damages only if you find that ARCO

12  acted with malice or with reckless indifference to Flying B's federally protected right to be free

13  from racial discrimination in contracting   Conduct is malicious if it is accompanied by ill will,

14  or spite, or if it is for the purpose of injuring another  Conduct is reckless if, under the

15  circumstances, it reflects complete indifference to the rights of others

16  If you find that punitive damages are appropriate, you must use reason in setting the

17  amount  In considering punitive damages, you array consider the degree of reprehensibility of

18  ARCO's conduct and the relationship of any award of punitive damages to any actual harm

19  inflicted on Flying B. Punitive damages may be awarded even if you award Flying B only

20  nominal economic damages

21  **Source**  9th Cir. Civil Jury Instr  12 1 (2001) (modified)  *Kolstad v  American Dental Assn ,*

22  *527 U S  526* (1999), *Hennings v  Tidyman's Inc ,* 285 F.3d 1174 (9th Cir. 2002), *Sinton v*

23  *Potomac Corp ,* 270 F.3d 794 (9th Cir. 2001); *Passantino v  Johnson & Johnson Consumer*

24  *Prods , Inc ,* 212 F 3d 493 (9th Cir  2000).

25  **DEFENDANT'S OBJECTION**.  Defendant objects to the last three paragraphs of this

26  instruction  The Court has already directed the parties that punitive damages will not become

27  an issue unless and until Plaintiff can meet a threshold showing that punitive damages may be

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 23
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle  Washington  98101-1688
(206) 622-3150    Fax  (206) 628-7699

1   appropriate  May 28, 2002 Minute Order  If Plaintiff does not meet this showing, the jury
2   should not be instructed regarding punitive damages at all.  Defendant also objects on the
3   grounds that there is no need to have three damages instructions in this case, see Plaintiff's
4   Proposed Instructions No. 31, 32, and the Court's Proposed Instruction No  16, as under both
5   the breach of contract and the discrimination claims the allowable damages would be the same·
6   actual economic damages to the corporation.  Thus, these two instructions are duplicative and
7   the jury should be instructed in accordance with just the Court's Proposed Instruction No. 16,
8   without the references to pain and suffering.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
1600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

1
2

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 32**

**PROOF AND CALCULATION OF DAMAGES**

3   If you find for Flying B on either the claim for race discrimination in violation of

4   federal law, or for breach of contract, or both, you may award Flying B any lost profits you

5   conclude were suffered as a result   You may award lost profits if·

6   1.   The loss is the direct and natural consequence of ARCO's conduct,

7   2.   It is reasonably probable that the profits would have been earned, and

8   3.   The amount of lost profits can be shown with reasonable certainty

9   Any reasonable basis for determining the amount of the probable lost profits is

10   acceptable.  Your award must be based upon evidence and not upon speculation, guess or

11   conjecture   However, mathematical certainty is not required.

12   **Source**  Calif. Model Jury Instructions 10 91 (modified); 9th Cir  Civil Jury Instr  7 2 (2001)

13   (substantially modified).

14   **DEFENDANT'S OBJECTION**. Defendant objects on the grounds that this instruction departs

15   from the law controlling this case.  Specifically, this instruction does not even mention that it is

16   the Plaintiff's burden to prove these elements.  Also, this instruction modifies the California

17   instruction to emphasize that "any" basis is acceptable by putting that phrase at the beginning

18   of the sentence.  Finally, as stated in Defendant's objection to Plaintiff's Proposed Instruction

19   No  32, having three instructions on damages is duplicative, unnecessary, and could lead to

20   confusion.

21
22
23
24
25
26
27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 25
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax  (206) 628-7699

**VERDICT FORMS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 26
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square    1501 Fourth Avenue
Seattle  Washington  98101 1688
(206) 622-3150    Fax  (206) 628-7699

The Honorable Thomas S. Zilly

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  BAINS LLCA d/b/a Flying B,,                    )
                                                   )
11                          Plaintiff,             )      No  C01-0235Z
                                                   )
12          v                                      )      VERDICT FORM
                                                   )      (Plaintiff's Proposed)
13  ARCO PRODUCTS COMPANY, a division of           )
    Atlantic Richfield Co ,                        )
                                                   )
14                          Defendants             )
                                                   )
15

16      Question 1:  Do you find that ARCO is liable to Flying B for race discrimination in

17  violation of federal law?

18          _____ (yes)

19          _____ (no)

20      Question 2:  If you answered "yes" to question number 1, do you award punitive

21  damages?

22          _____ (yes)

23          _____ (no)

24      Question 3·  If you award punitive damages, what amount do you award?

25          $_____

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 27
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101 1688
(206) 622-3150   Fax (206) 628-7699

1    Question 4: Do you find that ARCO is liable to Flying B for breach of contract?

2        _____ (yes)

3        _____ (no)

4

5    Question 5· If you answered yes to either question no. 1 or question no. 4, or both, do

6    you award damages to Flying B for lost profits?

7        _____ (yes)

8        _____ (no)

9    Question 6· IF your answer to question no. 5 is yes, what amount of lost profits do you

10   award?

11       $_____

12       DATED this _____ day of _____, 2002.

13

14                                         _____
                                           Presiding Juror

15

16   **DEFENDANT'S OBJECTION·** Defendant objects to this form on numerous grounds   First,

17   the form asks not if Flying B proved anything by a preponderance of the evidence, it just asks if

18   ARCO is liable.  This is not the standard the jury is instructed on and mandated to follow

19   Second, the form does not ask if race was a motivating factor (the legal standard) but instead

20   again just asks if ARCO "is liable to Flying B "  This invites the jury not to proceed with the

21   necessary analytical steps.  Third, the form does not ask if Flying B has made a showing of

22

23   reckless indifference of maliciousness, but just asks if the jury "award[s] punitive damages "

24   This, again, invites the jury to ignore the law and simply answer the question in regards to if it

25   feels Flying B should get punitive damages, not if, under the law, Flying B has proved it is

26   entitled to punitive damages   Fourth, the form does not ask the jury to identify the elements of

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 28
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

breach of contract   In this case, where the performance of Flying B under the contract will be heavily disputed, making sure the jury goes through all the elements can only help ensure the jury follows the law   Fifth and finally, the form retains a punitive damages section even if Flying B has not made a threshold showing   This creates a risk of confusion on the jury if the Court rules as a matter of law that punitive damages are not available and yet the jury is asked to award them on the verdict form. Defendant's proposed forms, to the contrary,  properly guide the jury through the law, and do not invite the jury to simply "award" damages without the proper burdens being met by the Plaintiff

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 29
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

(d)     That Flying B sustained actual damages as a result of ARCO's unjustified breach?

Answer:     _____ (Yes or No).

Question No 2     Did Flying B prove by a preponderance of the evidence that ARCO's decision to suspend its contract with Flying B was motivated by race?

Answer:     _____ (Yes or No).

Question No 3     If your answer to Question No. 2 is "Yes," answer this question  did ARCO prove by a preponderance of the evidence that it had lawful, non-discriminatory reasons that caused it to suspend its contract with Flying B?

Answer     _____ (Yes or No).

Question No 4     If your answers to all parts of Question No. 1 are "Yes," or, your answer to Question No. 2 is "Yes" and your answer to Question No 3 is "No," answer this question. what is the reasonable amount of economic damages, if any, that Flying B suffered as a result of ARCO's decision to suspend its contract with Flying B?

Answer     _____ (Fill in amount).

**Plaintiff's Objection**   Plaintiff objects on numerous grounds.  First, there is no need to hold the jury's hand through each and every element of each claim   The jury has received instructions on the elements of each claim, and is presumed to follow those instructions.  It also unfairly instructs the jury on the issue of mixed motives when this is not a mixed motives case. The proposed verdict form is also an effort to tell the jury that the contract was "suspended" rather than terminated.

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 31
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

The Honorable Thomas S. Zilly

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| BAINS  LLC d/b/a FLYING B, | ) | |
| | ) | |
| Plaintiff, | ) | No. C01-0235Z |
| | ) | |
| v | ) | VERDICT FORM |
| | ) | (DEFENDANT'S PROPOSED |
| ARCO MARINE PRODUCTS COMPANY, a | ) | VERDICT FORM IF PUNITIVE |
| division of Atlantic Richfield Co., | ) | DAMAGES ARE ALLOWED) |
| | ) | |
| Defendant. | ) | |

We, the jury, being duly empanelled and sworn upon oath, unanimously state the

following verdict:

Question No. 1:        Did Flying B prove the following by a preponderance of the evidence·

(a)        That ARCO entered into a contract with Flying B?

Answer:        _____ (Yes or No)

(b)        That Flying B had performed its obligations under the contract?

Answer:        _____ (Yes or No)

(c)        That ARCO breached its contracted with Flying B?

Answer:        _____ (Yes or No); and

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 32
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

1      (d)     That Flying B sustained actual damages as a result of ARCO's unjustified

2  breach?

3      <u>Answer</u>·            (Yes or No).

4  <u>Question No 2</u>      Did Flying B prove by a preponderance of the evidence that ARCO's

5  decision to suspend its contract with Flying B was motivated by race?

6      <u>Answer:</u>            (Yes or No).

7
8  <u>Question No 3</u>      If your answer to Question No 2 is "Yes," answer this question  by

9  suspending its contract with Flying B, did Flying B prove by a preponderance of the evidence

10  that ARCO acted with malice or recklessness indifference towards Flying B's rights to be free

11  from racial discrimination?

12      <u>Answer</u>            (Yes or No)

13  <u>Question No 4</u>:      If your answer to Question No 2 is "Yes," answer this question: did

14  ARCO prove by a preponderance of the evidence that it had lawful, non-discriminatory reasons

15
16  that caused it to suspend its contract with Flying B?

17      <u>Answer:</u>            (Yes or No)

18  <u>Question No 5</u>      If your answers to all parts of Question No. 1 are "Yes," or, your answer

19  to Question No 2 is "Yes" and your answer to Question No. 4 is "No," answer this question:

20  what is the reasonable amount of economic damages, if any, that Flying B suffered as a result

21  of ARCO's decision to suspend its contract with Flying B?

22
23      <u>Answer</u>            (Fill in amount).

24  <u>Question No. 6</u>.     If your answer to Question No 3 is "Yes," answer this question: what is

25  the reasonable amount of punitive damages, if any, that should be awarded against ARCO?

26      <u>Answer:</u>            (Fill in amount).

27

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle Washington 98101 1688
(206) 622-3150   Fax (206) 628-7699

1       **Plaintiff's Objection**: Plaintiff objects on numerous grounds  First, there is no need to

2 hold the jury's hand through each and every element of each claim.  The jury has received

3 instructions on the elements of each claim, and is presumed to follow those instructions.  It also

4 unfairly instructs the jury on the issue of mixed motives when this is not a mixed motives case.

5 The proposed verdict form is also an effort to tell the jury that the contract was "suspended"

6 rather than terminated.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 34
F \DOCS\58382\1\FINAL DISPUTED INSTRUCTIONS DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101 1688
(206) 622-3150   Fax (206) 628-7699

1                              The Honorable Thomas S. Zilly

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
9                          AT SEATTLE

10  BAINS LLC d/b/a Flying B,        )
                                 )
11                          )   No. C01-0235Z
            Plaintiff,         )
12                          )   CERTIFICATE OF SERVICE
      v                     )
13                          )
    ARCO PRODUCTS COMPANY, a division of )
14  Atlantic Richfield Co., a Delaware Company, )
                                )
15            Defendant.       )
                                )

16        The undersigned certifies under the penalty of perjury under the laws of the State of

17
Washington that I am now and at all times herein mentioned, a citizen of the United States, a
18
resident of the state of Washington, over the age of eighteen years, not a party to or interested
19
in the above-entitled action, and competent to be a witness herein
20

21        On this date I caused to be served in the manner noted below a copy of the documents

22  entitled  **JOINT STATEMENT OF DISPUTED INSTRUCTIONS**, on the following

23  counsel of record.

24
                  Edwin S. Budge, Esq.
25                  Budge & Heipt, P L L.C.
                  705 Second Avenue, Suite 910
26                  Seattle, WA  98104

27

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square   1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

BY:

| | |
|---|---|
| | U.S. MAIL |
| X | **HAND DELIVERED VIA ABC LEGAL MESSENGER SERVICE** |
| | OVERNIGHT MAIL |
| | FACSIMILE |

Dated this _____ day of June, 2002, at Seattle, Washington

Margaret C. Sinnott

CERTIFICATE OF SERVICE — 2
(C01-0235Z)
F \DOCS\58382\1\CERTIFICATE OF SERVICE (JOINT STATEMENT DISPUTED) DOC
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699