FILED _____ ENTERED
LODGED _____ RECEIVED

JUN 17 2002

AT SEATTLE
CLERK U S DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

CV 01-00235 #00000130

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAINS LLC d/b/a Flying B,

          Plaintiff,

    v.

ARCO PRODUCTS COMPANY, a
division of Atlantic Richfield
Co., a Delaware Corporation,

        Defendant.

NO. C01-235Z

COURT'S INSTRUCTIONS

DATED this 17th day of June, 2002.

THOMAS S. ZILLY
United States District Judge

130

1               INSTRUCTION NO. 1

2                 Duty of Jury

3

4        Members of the jury, now that you have heard all the
5   evidence, it is my duty to instruct you on the law which applies
6   to this case.  These instructions will be in three parts:  first,
7   the instructions on general rules that define and control the
8   jury's duties; second, the instructions that state the rules of
9   law you must apply, i.e., what the plaintiff must prove to make
10  the case; and third, some rules for your deliberations.

11       It is your duty to find the facts from all the evidence in
12  the case.  To those facts you must apply the law as I give it to
13  you.  You must follow the law as I give it to you whether you
14  agree with it or not.  And you must not be influenced by any
15  personal likes or dislikes, opinions, prejudices or sympathy.
16  That means that you must decide the case solely on the evidence
17  before you and according to the law.  You will recall that you
18  took an oath promising to do so at the beginning of the case.

19       In following my instructions, you must follow all of them
20  and not single out some and ignore others; they are all equally
21  important.  And you must not read into these instructions or
22  anything I may have said or done any suggestion as to what
23  verdict you should return.  That is a matter entirely for you to
24  decide.

25

26

27

28

INSTRUCTION NO. 2

<u>Burden of Proof:</u>

<u>Preponderance of the Evidence</u>

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

<u>Evidence</u>

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

You have also heard testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts.   You should draw no inference from whether these individuals were or were not physically present in court themselves.

INSTRUCTION NO. 4

## What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.   You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 7

<u>Jury to Use Only Official English Translation</u>

The language of Punjabi has been used by some witnesses at various times during this trial.

The evidence you are to consider is only that provided through the official court interpreter.  Although some of you may know Punjabi, it is important that all jurors consider the same evidence.   Therefore, you must base your decision on the evidence presented in the English interpretation.  You must disregard any different meaning.

1                       INSTRUCTION NO. 8

2                   Use of Interrogatories of a Party

3

4          Testimony has been presented to you in the form of answers

5    of the defendant to written interrogatories by the plaintiff.

6    These answers have been given in writing and under oath, before

7    the actual trial, in response to questions which were submitted

8    in writing under established court procedures.  The answers are

9    entitled to the same consideration and are to be judged as to

10   credibility and weighed and otherwise considered by you in so far

11   as possible, as if the answers were made from the witness stand.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                        INSTRUCTION NO. 9

2                          Opinion Evidence

3

4        You have heard testimony from persons who, because of

5   education or experience, are permitted to state opinions and the

6   reasons for their opinions.

7        Opinion testimony should be judged just like any other

8   testimony.  You may accept it or reject it, and give it as much

9   weight as you think it deserves, considering the witness'

10  education and experience, the reasons given for the opinion, and

11  all the other evidence in the case.

INSTRUCTION NO. 10

Liability of Corporations

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

The fact that a party is a corporation should not affect your decision.  All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

INSTRUCTION NO. 11

Summary of Claims and Defenses

The plaintiff is a company doing business under the name "Flying B." Flying B is owned by three brothers of East Indian heritage. Flying B had a contract to haul fuel for the defendant, ARCO. Flying B claims that ARCO unlawfully breached this contract. Flying B further claims that ARCO violated federal law prohibiting discrimination in contracting. Flying B also claims that it is entitled to economic damages and punitive damages.

ARCO denies Flying B's allegations. ARCO maintains that Flying B's contract was not suspended or terminated for discriminatory reasons, that ARCO did not subject Flying B's drivers to disparate treatment based on race, and that it based its decision to suspend Flying B's contract on legitimate, nondiscriminatory reasons.

The foregoing is merely a summary of the claims of the parties. You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

Plaintiff is asserting two claims, each of which is entitled to your separate consideration. You must decide as to each claim whether plaintiff is entitled to recover. The fact that

INSTRUCTION NO. 11 (page two)

plaintiff may be entitled to recover on one claim does not mean
that plaintiff is entitled to recover on the other claim.
Similarly, the fact that plaintiff may not be entitled to recover
on one claim does not prevent plaintiff from recovering on the
other claim.

INSTRUCTION NO. 12

## First Claim - Federal Law

Plaintiff brings its first claim under federal law alleging that Flying B was treated adversely in connection with its contract with ARCO because of the race of the Flying B owners.

Federal law prohibits race discrimination in the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

Flying B has the burden of proving the following elements by the preponderance of the evidence:

1. That Flying B was treated adversely in its contractual relationship with ARCO; and

2. That the race of Flying B's owners or employees was a motivating factor in such adverse treatment.

If you find from your consideration of all of the evidence that the plaintiff has proved each of these elements, your verdict should be for the plaintiff on this claim unless the defendant proves by a preponderance of the evidence its defense described in Instruction 15. On the other hand, if plaintiff has not proved each of the two elements of this claim, your verdict should be for the defendant on this claim.

1                          INSTRUCTION NO. 13

2                              Distinct Race

3

4        For purposes of the federal law that prohibits

5    discrimination in contracting the law recognizes East Indians as

6    a distinct race.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 14

Adverse Treatment

Adverse treatment because of race in a contractual relationship may include any of the following conduct:

a.  Subjecting Flying B or its owners and/or employees to differential and less desirable standards of treatment than enjoyed by other, non Indian-owned providers of transportation services;

b.  Subjecting Flying B or its owners and/or employees to unwelcome and pervasive harassment on the basis of race, which adversely affects Flying B as a company;

c.  Terminating, suspending or modifying the contractual relationship

d.  Refusing to continue to call on Flying B to provide fuel transportation services;

e.  Refusing to reinstate the parties' contractual relationship; or

f.  Refusing to continue to do business with Flying B.

INSTRUCTION NO. 15

Defense to First Claim

The plaintiff in this case has offered evidence that the defendant's decision to suspend or terminate its contract with the plaintiff was motivated by the race of the plaintiff's owners and employees. The defendant in this case has offered evidence that its decision to suspend or terminate the contract with plaintiff was motivated by one or more lawful reasons. If you find that plaintiff has proved the two elements of the first claim, then the plaintiff is entitled to a verdict in its favor on the first claim, unless the defendant has proved that the defendant would have made the same decision even if the race of the plaintiff's owners and employees had played no role in the defendant's decision to suspend or terminate the contract. In that case, your verdict should be for the defendant on the first claim.

This defense does not apply to any other forms of adverse treatment in the contractual relationship.

INSTRUCTION NO. 16

<u>Business Judgment</u>

You may not return a verdict for plaintiff just because you might disagree with defendant's decision or believe it to be harsh or unreasonable.

1

INSTRUCTION NO. 17

2

Second Claim – Breach of Contract – State Law

3

4       The plaintiff Flying B brings its second claim under state
5   law alleging damages based upon a claim of breach of contract.
6   Flying B and ARCO entered into a written contract, Exhibit 1 in
7   this case.  An unjustified failure to perform a contract is a
8   breach.  Plaintiff has the burden of proving the following
9   elements by a preponderance of the evidence:

10      1.    The existence of a contract between the parties;

11      2.    Plaintiff's performance

12      3.    Defendant's unjustified failure to perform; and

13      4.    Damages to plaintiff caused by the breach.

14      If you find from your consideration of all of the evidence
15  that the plaintiff has proved each of these elements, your
16  verdict should be for the plaintiff on this claim.  On the other
17  hand, if any of these elements has not been proved, your verdict
18  should be for the defendant on this claim.

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 18

Economic Damages

It is the duty of the court to instruct you as to the measure of damages.  By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for the plaintiff, you must then determine the amount of money required to reasonably and fairly compensate the plaintiff for the total amount of damages.

If you find for the plaintiff, you may award lost profits if

1.   The loss is the direct and natural consequence of ARCO's conduct;

2.   It is reasonably probable that the profits would have been earned; and

3.   The amount of lost profits can be shown with reasonable certainty.

The burden of proving damages rests with the plaintiff and it is for you to determine whether damages have been proved by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guess or conjecture.

INSTRUCTION NO. 19

Nominal Damages

    The law which applies to this case on plaintiff's first
claim under federal law authorizes an award of nominal damages.
If you find for the plaintiff but you find that the plaintiff has
failed to prove damages as defined in these instructions, you
must award nominal damages. Nominal damages may not exceed one
dollar.

INSTRUCTION NO. 20

Double Damages

Plaintiff seeks recovery against the defendant on more than one theory of liability.  If you find that plaintiff is entitled to recover on more than one claim, you should indicate the total damages awarded for each claim.  Your separate award of damages could result in a duplication of damages.  You should not concern yourselves with this.  The Court will correct for any duplication of damages you might award so that plaintiff under no circumstances would collect a double recovery.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 21

Punitive Damages

If you find for Flying B on its first claim of race discrimination in violation of federal law, you may, but are not required to, award punitive damages. The purpose of punitive damages are to punish a defendant and to deter that defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights, or the defendant acted in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

1          INSTRUCTION NO. 21 (page 2)

2

3          Punitive damages may be awarded even if you award plaintiff

4     only nominal, and not economic damages.

5          Punitive damages may not be awarded on plaintiff's second

6     claim for breach of contract under state law.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 22

Damages Limited to Corporation

The plaintiff in this case is a limited liability corporation, which is a separate and distinct entity apart from its owners and employees.  The only damages that you may award in this case are economic, nominal and punitive damages to the corporation.  The owners and employees of the corporation are not plaintiffs in this case, and you may not award any damages to them nor compensate the corporation on their behalf, including but not limited to any damages caused by any emotional distress that any of them may have experienced.

INSTRUCTION NO. 23

## Deliberation

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror to act as chairperson.  It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of verdict.

This being a civil case, all of you must agree upon a verdict.  When you have so agreed, fill in the proper form of verdict to express the results of your determination.  The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

INSTRUCTION NO. 24

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

INSTRUCTION NO. 26

<u>Verdict</u>

After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the court that you have reached a verdict.